IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00770-RBJ

RUBEN DARIO MEJIA ARIAS,

      Petitioner,

v.

JUAN BALTASAR, ROBERT G. HAGAN,
TODD LYONS, DAREN MARGOLIN,
KRISTI NOEM, and PAMELA BONDI,
in their official capacities,

      Respondents.

## ORDER

This matter comes before the Court on petitioner Ruben Dario Mejia Arias' (petitioner) "Petition for a Writ of Habeas Corpus" (Petition). ECF No. 1. The Court hereby ORDERS that respondents shall not transfer petitioner outside the District of Colorado or remove him from the United States during the pendency of these proceedings. The Court further ORDERS that respondents shall file a response to the Petition within 14 days of service of this Order.

Petitioner, a Columbian national, entered the United States without inspection on December 13, 2022. *Id.* at ¶ 36. He was encountered by U.S. Immigration and

1

Customs Enforcement ("ICE"), released on an order of recognizance, and issued a one-year grant of parole into the United States. *Id.* at ¶¶ 37-38. Following the expiration of his parole, he was issued a Notice to Appear ("NTA") for removal proceedings "as an alien present in the United States who has not been admitted or paroled." *Id.* at ¶ 39. However, his release on recognizance continued, and petitioner states that he has complied with all conditions of his release his and immigration proceedings. *Id.* at ¶¶ 40-41.

Nonetheless, on February 16, 2025, Petitioner was detained by ICE when he reported for his check-in which he had received advance approval to reschedule by one day. *Id.* at ¶¶ 43-44. Petitioner is currently detained at the ICE detention facility in Aurora, Colorado. *Id.* at ¶ 47.

Petitioner asserts that his current mandatory detention violates due process under the Fifth Amendment, his statutory right to a bond hearing, and ICE's own procedures. *See id.* at ¶¶ 48-63.

Petitioner requests that this Court, *inter alia*, order his immediate release, or alternatively, a bond hearing before an Immigration Judge within five (5) days where respondents bear the burden of proof to justify his continued detention. *Id.* at 15. Petitioner also requests that this Court grant "such other and further relief as the Court deems just and proper." *Id.*

As this Court has previously explained, the question of what provision of the INA properly governs the detention of a noncitizen who, like petitioner, entered the country without inspection and has resided here for more than two years is a recurring issue.  *See Campos-Melara v. Noem et al.*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025); *Ugarte Hernandez v. Baltazar et al*., 1:25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan. 15, 2026).  This includes noncitizens who have been released on their own recognizance and then are redetained by ICE without any change in circumstance.

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging his mandatory detention under § 1225(b)(2)(A).  *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025).  The Court has ordered this preliminary relief in numerous cases presenting this same issue, and will order this relief here.  *See, e.g.*, *Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7; *Vences Nuñez v. Noem et al.*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado

unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated. At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Thursday, February 26, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing within seven (7) days. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: February 25, 2026          BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
Senior United States District Court Judge