IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00770-RBJ

RUBEN DARIO MEJIA ARIAS,

      Petitioner,

v.

JUAN BALTAZAR, GEORGE VALDEZ,[1]
TODD LYONS, DAREN MARGOLIN,
KRISTI NOEM, PAMELA BONDI,
in their official capacities,

      Respondents.

---

## ORDER

---

Before the Court is the petitioner's Petition for a Writ of Habeas Corpus (Petition), ECF No. 1. Petitioner seeks an order granting his immediate release from custody, or, in the alternative, a bond hearing within five days where the government would bear the burden of justifying his continued detention.[2]  *Id.* at 15.  For the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez has automatically been substituted as a party in his official capacity as Acting Director of the Denver Field Office, U.S. Immigration and Customs Enforcement.

[2] Pursuant to its inherent authority under the All Writs Act, 28 U.S.C. § 1651, this Court previously ordered that respondents shall not transfer petitioner away from the District of Colorado or remove him from the United States until the termination of this case.  ECF No. 6.  That Order remains in effect.

reasons set forth in this Order, the Court hereby GRANTS the petition. The petitioner SHALL be released within 48 hours.

## I.   Background

Petitioner entered the United States without inspection on December 13, 2022, and was immediately apprehended by immigration authorities. ECF No. 1 at ¶ 36. He was granted a term of parole until February 24, 2023 pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.* at ¶ 37; *see also* ECF No. 12 at 4. After his parole expired, petitioner was released on his own recognizance and issued a Notice to Appear for full removal proceedings as an inadmissible noncitizen "present in the United States without being admitted or paroled" under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 1 at ¶ 39. For nearly three years, petitioner complied with the terms of his release. *Id.* at ¶ 40. Nevertheless, petitioner was arrested and detained during a routine check-in with U.S. Immigration and Customs Enforcement ("ICE") in February of this year. *Id.* at ¶¶ 43-46.

## II.   The Claims

Petitioner frames the issue in this case as whether respondents violated his procedural due process rights under the Fifth Amendment of the U.S. Constitution and ICE's own binding regulations when they re-detained him without a material change in circumstances. *Id.* at ¶¶ 48-63 (Counts One and Two). However, the Court finds that the more appropriate way to resolve his habeas petition is to decide

whether, as a noncitizen who entered the United States without inspection and has remained here, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is statutorily mandated—and his procedural due process claims are much weaker. *See, e.g.*, *Gonzalez Aguilar v. Wolf*, 448 F.Supp.3d 1202, 1212 (D.N.M. 2020) (holding that "the applicable statutory process shapes [ ] procedural due-process rights" for habeas petitioner challenging mandatory immigration detention). If the latter provision controls, than petitioner's detention is discretionary, and he is entitled to a bond hearing at a minimum. Although petitioner does not specifically allege that ICE is detaining him in violation of his statutory rights under § 1226(a), this is the central issue underlying his habeas petition. *See generally Granberry v. Greer*, 481 U.S. 129, 130 (1987) (courts may exercise their discretion to address dispositive issues in habeas proceedings where doing so serves the interests of justice).

Importantly, respondents agree that the question of which statute governs petitioner's detention is dispositive and squarely address it in their response. *See, e.g.*, *Selph v. Stephenson*, Civ. No. 22-240 JCH/KK, 2025 WL 250604, at *7 (D.N.M. Sept. 2, 2025) (issue is deemed properly raised in habeas petition where state addresses it on the merits). In their brief, respondents concede that this case "is not materially different" from the others that this Court has decided raising the

same statutory issue. ECF No. 12 at 2 (citing this Court's decision in *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025)). At the same time, respondents do not address petitioner's constitutional or regulatory procedural due process claims.

### III.    Analysis

Turning now to the merits, the Court has concluded many times over that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection, have lived here for more than two years, and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case). The Court has read the Fifth Circuit's recent split decision adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded. *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Instead, the Court respectfully

4

agrees with the dissenting judge that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." *Id.* at *11 (Douglas, J., dissenting).  In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue dictates reaching the same result here.  ECF No. 12 at 3.

Briefly, the Court addresses respondents' argument that petitioner's "temporary, discretionary parole under 8 U.S.C. § 1182(d)(5)(A) did not change his status as an 'applicant for admission'" subject to mandatory detention under § 1225(b)(2)(A).  *Id.* at 4.  Petitioner's initial release on parole is immaterial in light of the fact that ICE has always classified him as a noncitizen "present in the United States without being admitted …," and treated him accordingly.  *See, e.g., Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 484 (S.D.N.Y. 2025) (finding that petitioner's detention was governed by § 1226, in part, because the government did not charge him as an "arriving alien" and released him under his own recognizance under section 236 of the Immigration and Nationality Act).  This case is therefore distinguishable from those cited by respondent where the noncitizen was designated as an "arriving alien" during their initial encounter with immigration authorities.  *See* ECF No. 12 at 4 (citing *Depelian v. Baltazar*, No. 25-cv-3765-SKC-TPO, ECF No.

5

18 (D. Colo. Jan. 20, 2026); *Richards v. Choate*, No. 25-cv-03134-DDD-STV, ECF No. 19 (D. Colo. Dec. 5, 2025)).

As this Court has explained, even if petitioner *is* an "applicant for admission" under 8 U.S.C. § 1225(a)(1), it does not follow that he meets the *other* statutory criteria for mandatory detention under § 1225(b)(2)(A), namely, that he is "seeking admission," which involves some present-tense action, and has been determined, upon examination by an immigration officer, to be "not clearly and beyond a doubt entitled" to admission. *See Ugarte Hernandez*, ECF No. 16 at 5. Accordingly, petitioner's eligibility for mandatory detention under § 1225(b)(2)(A) does not turn on his initial parole, especially because the government subsequently released him on an open-ended basis during the pendency of full removal proceedings.

Because petitioner prevails on the statutory question, the Court does not address his procedural due process claims.

## IV.    Remedy

In prior decisions, this Court has ordered that the noncitizen should receive a prompt bond hearing before an Immigration Judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo*, ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon*, ECF No. 19, at *8 (same). However, under the circumstances presented in this case, immediate release is warranted.

Unlike a case where the noncitizen has never encountered immigration authorities before their arrest and detention, this petitioner was previously released on his own recognizance. *See* ECF No. 1 at ¶ 40. Respondents do not dispute that petitioner fully complied with the terms of his supervised release for almost three years before he was suddenly rearrested and detained by ICE one month ago. Nor do respondents claim that there has been any change in the posture of his immigration case.

Petitioner's release on his own recognizance in 2023 was a determination by ICE that he does not represent a danger to the community or a flight risk. *Singh v. Baltazar*, ---F.Supp.3d----, No. 1:26-cv-00336-CNS, 2026 WL 352870, at * 3 (D. Colo. Feb. 9, 2026). ICE's decision to rearrest him and detain in 2026 does not reflect a change in that assessment—nor could it, as nothing material has changed. Instead, ICE revoked his release pursuant to its unlawful policy of treating all noncitizens present in the country without lawful admission as subject to mandatory detention under § 1225. *See Lopez Benitez*, 795 F.Supp.3d at 482; *Rodriguez v. Bostock*, 802 F.Supp.3d 1297, 1303 (W.D. Wash. 2025) (describing the federal government's adoption of this new policy). Ordering a bond hearing would not restore petitioner to the status quo *ex ante*. Rather, it would leave him worse off as he would face the prospect of continued detention or release under more onerous conditions than before.

7

Under these circumstances, the appropriate remedy is restortation of petitioner's release on his own recognizance. *See, e.g.*, *Kumar v Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025); *Lopez Benitez*, 795 F.Supp.3d at 498. ICE may impose the same conditions on that release but no additional or modified conditions or bond.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.

2. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his rearrest.

3. The government SHALL NOT continue to detain the petitioner under 8 C.F.R. § 1003.19(i)(2), on the grounds that it is administratively appealing petitioner's eligibility for release under 8 U.S.C. § 1226(a).

4. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

5. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: March 19, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge